# IN RE JOSÉ VILA ESPITERY.

---

San Juan, Bankruptcy, No. 83.

RULE TO SHOW CAUSE AGAINST SALVADOR SUAU, REFEREE.

Referee—Order to Show Cause.
    1. Where a referee is ordered to show cause why he should not take certain action, his return should be in writing.

Referee—Order by.
    2. The orders of the referee in bankruptcy are as much orders of court within his jurisdiction as if rendered by the judge from the bench. All parties in interest must take knowledge of his actions.

Referee's Order—Collateral Attack.
    3. An order of the referee cannot be attacked collaterally by a motion to show cause why some other course should not be pursued. A referee's order can be revived only by petition.

Trustee's Attorney—Fees.
    4. The amount and time of payment of attorney's fee of the trus-
VI. Porto Rico—36.

In Re Espitery.

tee's attorney shall be fixed by the referee, having regard to the con-
dition of the estate.

Opinion filed March 2, 1914.

---

*Mr. Henry G. Molina* for the trustee.

*Mr. Salvador Suau, pro se.*

HAMILTON, Judge, delivered the following opinion:

This case comes on upon an order to show cause served upon
the referee. The referee makes no written return. As a mat-
ter of practice it would be better to do so. The court is willing
to accept the return as made in this particular case, the referee
being an officer of the court, but it would be better in the future
to have a written return. Otherwise it is hard to tell what the
issue is.

In this case both sides have gone on and testified what hap-
pened before the referee, and it is difficult for the court to take
this into account if there is no return made; to tell what is
return and what is evidence. But, waiving that, it seems, from
the oral statement of the referee, that his action is taken upon
a certain order made in August, appointing Mr. Molina as at-
torney for the trustee, and deferring the payment of his com-
pensation until the end of the case. There is a difference be-
tween the parties as to whether the order was served upon Mr.
Molina, or whether it was not; but that would make no differ-
ence. The referee is the court for purposes of bankruptcy, with

In Re Espitery.

two or three exceptions, and this is not one of them, and his orders are just as much orders of the court as if rendered here from the bench, and they are bound to be known by all parties to the case. And so, whether served or not, this order is to be considered as published, so far as relates to anybody connected with the case.

As it comes before the court now, here is a definite order of the referee to a certain effect, and here is an application by one of the parties to show cause why something should not be done which is forbidden in that order. The court cannot collaterally take up a matter in that way. If it is desired to review an order of the referee, there is a specific method prescribed for doing it; but it would introduce endless confusion in the case if the court's order—because that is what the referee's order is— could be reviewed collaterally by a motion for a rule to show cause. So the court does not see that it can do anything in the matter at present.

Further than that, as to the merits, it would seem that this whole matter of fees is conditional somewhat upon the condition of the estate, the amount of the property, what litigation there has been or will be, etc. If few or no assets remain for the estate, it would be useless for the court to administer the estate; and on the showing made by the referee as to the condition of affairs, I am not sure that I would make a different order from what he has done.

The facts presented would hardly justify the court in differing from the referee at present. What may be developed in the future I do not know. Upon the whole, therefore, the rule to show cause is discharged.